UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW COHEN, TIMOTHY HORNICK, KALEAH C. ALLEN, NICHOLAS CARLSON, GLENN E. JACOBS, MARK WEILER, CHAD SMITH, SARAH D. SMITH, MATT KOPPIN, SCOTT CISCHKE, KRYSTLE FAERN, RODOLFO CABRERA, BRANDY DAVIS, WILLIAM ZIDE, ZACHARY GOMOLEKOFF, DAVID HEDICKER, NANCY MAEKAWA, CATHERINE GOODWIN, PAUL COLETTI, KATHLEEN BOGGS, KIMBERLY MODESITT, KIMBERLY BENJAMIN, MARK KUNZE, ARIANA RYAN, NATHAN COOPER, BECKY WELLINGTON, M. GAIL SUNDELL, VICTOR PERLMAN, and JUNE A. HALL, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | No. C 19-05322 WHA<br><br>**ORDER CONVERTING MOTION TO DISMISS INTO MOION FOR SUMMARY JUDGMENT AND ALLOWING IMMEDIATE DISCOVERY** |

In this putative class action for negligence, breach of warranty, consumer fraud, and unjust enrichment, defendant moves to dismiss the complaint. For the following reasons, this order converts the motion to dismiss into a motion for summary judgment and allows immediate discovery.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, district courts may not consider materials outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Rule 12(d), however, provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." All parties must then be given a "reasonable opportunity to present all the material that is pertinent to the motion," including the opportunity to take reasonable discovery to meet the issues raised by the extraneous material.

Extraneous material, however, is allowed on a Rule 12 motion in two instances: Judicial notice under FRE 201 and the incorporation-by-reference doctrine. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Both of these procedures allow district courts to consider materials outside a complaint, but their use must be "consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003.

A court may judicially notice a fact that is "*not subject to reasonable dispute*" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b) (emphasis added). "Just because the document itself is susceptible to judicial notice[,]" however, "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999.

Incorporation-by-reference, in contrast, is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002. The doctrine prevents plaintiffs from cherry-picking portions of documents that support their claims, while omitting portions of the same documents that weaken their claims. *Ibid.* A defendant may seek to incorporate a document by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," but the "mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

2

Apple's motion to dismiss is an excellent example calling for application of the foregoing principles. The vast array of material presented outside of the pleadings, including supposed factual statements and findings of the Commission, triggers treatment of this motion as one for summary judgment. This motion cannot and should not be decided on this record. Further discovery into the issues presented is necessary.

For the guidance of counsel, the Court sees the following issues of particular concern. One issue is how two different "FCC-certified" labs could come to opposite conclusions applying the very same guidelines to identical Apple iPhones. Discovery should be taken to see how the lab used by the Chicago Tribune or any other labs (such as those used by the Canadian Broadcasting Corporation and the French National Frequencies Agency) conducted their tests, how they compare to the Commission's testing, and how the labs construe the test-separation-distance requirements. These are *not* the only issues open for discovery.

The Court understands that the discrepancies revolve primarily around the test-separation distance used. Apple emphasized during the hearing that the testing could be done at any distance within twenty-five millimeters. This order pauses to note that following the hearing, a story was published that mischaracterized a comment made by the undersigned during the hearing regarding this rule. The headline read "Alsup Laments 'Dumb' FCC in IPhone Radiation Suit." The headline said the opposite of how the comment was actually intended. The actual comment, "I can't believe the FCC would be that dumb. That is a terrible rule . . . I can't believe it can be manipulated like that[,]" criticized Apple's supposed reading of the FCC protocol. As is clear from the complaint, as well as documents presented by Apple itself, the difference of a just a few millimeters can bring a phone in or out of compliance. If testing could be done at any distance within twenty-five millimeters — twenty-four and a half millimeters or two millimeters, for example — the certification process could be easily manipulated. The Commission's guidance requires more than Apple admits.

The relevant portion of the Commission's guidance reads as follows (Dkt. No. 64, Exh. 8 at 10–11):

> A conservative minimum test separation distance for supporting off-

3

> the-shelf body-worn accessories that may be acquired by users of consumer handsets should be used to test for body-worn accessory SAR compliance. This distance is determined by the handset manufacturer according to the typical body-worn accessories users may acquire at the time of equipment certification, but not more than 2.5 cm, to enable users to purchase aftermarket body-worn accessories with the required minimum separation. The selected test separation distance must be clearly explained in the SAR report to support the body-worn accessory test configurations. Devices that are designed to operate on the body of users using lanyards and straps or without requiring additional body-worn accessories must be tested for SAR compliance using a conservative minimum test separation distance ≤ 5 mm to support compliance.

*Apple's reading, as represented at the hearing, failed to disclose that the separation distance chosen (within twenty-five millimeters) must be explained and justified in the SAR report.* Apple's reading with such an omission was the dumb part, not the Commission's guidance.

In any event, Apple provided the Commission's certification of its iPhones, but not the "SAR report" or any documents regarding how the test separation distance was determined. This factual dispute is crucial and warrants further discovery.

The Court is inclined to hold that if the Apple products ultimately satisfy the Commission's standard, then all claims must be dismissed on preemption grounds. On the other hand, if the products in question do not meet the Commission standards, then the Court is inclined to let all of the claims go forward. This is not a final determination and discovery is needed, even into what and how the Commission's guidance should be implemented.

The Rule 23 issues discussed during the hearing are not yet ready for decision.

As soon as adequate discovery to address issues raised by Apple's motion, then Apple may renew its motion and plaintiffs may cross-move if they feel the record warrants a decision in their favor. Therefore, the motion to dismiss is **DENIED** without prejudice as to renewal under Rule 56.

**IT IS SO ORDERED.**

Dated: February 10, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE