UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW COHEN, et al.,

    Plaintiffs,

v.

APPLE, INC.,

    Defendant.

No. C 19-05322 WHA

**ORDER GRANTING IN PART MOTION FOR EXTENSION**

Plaintiffs move to extend their deadline to respond to Apple's motion for summary judgment from May 15 to June 15. Apple opposes, only willing to stipulate to a one-week extension. Alternatively, Apple seeks a stay of all discovery pending decision on its motion.

The motion raises preemption and jurisdictional issues first presented by Apple's motion to dismiss. A prior order denied Apple's motion to dismiss without prejudice to renewal under Rule 56. The vast array of materials presented outside of the pleadings necessitated further discovery into the issues presented. The motion could be renewed after all parties had been given an opportunity to take reasonable discovery into the issues raised by the extraneous material (Dkt. No. 89).

Plaintiffs proceeded, serving Apple with its first request for production of documents on March 6. Apple delayed. When Apple filed its motion for summary judgment nearly two months later, it still had not produced any documents. Instead, Apple waited until three days *after* filing its motion to serve plaintiffs with its first production. The production totaled

55,000 pages and apparently provided only publicly available documents pending resolution of the parties' protective order disputes (Decl. Sarchio ¶ 4).

At minimum, plaintiffs should be afforded a fair opportunity to review the only documents produced. Apple disagrees. What Apple ignores is that the order denying its motion to dismiss repeatedly noted the need for further discovery into the issues presented and expressly allowed immediate discovery. Each of Apple's four proffered reasons to deny plaintiffs' request ignore this simple premise.

*First*, Apple points out that plaintiffs are or should be familiar with the legal authority and documents Apple's motion relies on. Plaintiffs' familiarity with Apple's *motion* is beside the point. It is plaintiffs' opportunity to filter through the 55,000 pages Apple produced that is important.

*Second*, Apple argues that plaintiffs' "generalized assertion" that they need more time to review the production does not provide the particularity required by Local Rule 6-3(a)(1), noting that its production "consists of publicly-available documents, which have been accessible to [p]laintiffs since before the filing of this action" (Decl. Sarchio ¶ 4). Rule 6-3(a)(1) requires only that the movant "[s]ets forth with particularity, the reasons for the requested enlargement . . . of time[.]" Plaintiffs did so.

Apple further relies on *Morgan v. City and County of San Francisco*, 1999 WL 1079620 at *1 (9th Cir. 1999), where our court of appeals found no abuse of discretion when "the only ground" for the plaintiff's requested extension of time to oppose had been her "own failure to [undertake] discovery in a timely manner[.]" *Ibid.* There, the plaintiff's request came only three days before the close of discovery. Here, discovery has only recently begun and plaintiffs have been diligent in their discovery efforts.

*Third*, Apple asserts that no discovery is needed since its motion is "premised on threshold legal principles of preemption and jurisdiction" (Decl. Sarchio ¶ 5). Both prior orders in this action have held the opposite.

*Fourth*, Apple argues that it would be prejudiced by such a lengthy extension since plaintiffs will not agree to a stay of discovery. Apple's request for a blanket stay of all

2

discovery again ignores the prior orders expressly allowing discovery. And, despite asserting that plaintiffs seek disproportionate and burdensome discovery, Apple does not request resolution of any specific discovery dispute. Indeed, two days before filing its motion for summary judgment, Apple sent a letter to plaintiffs stating it did "not believe the [parties had] yet reached impasse on any discovery-related matter such that court intervention [was] necessary" (Decl. Sarchio Exh. E). This order will not intervene further.

Plaintiffs shall have until June 4 to file their opposition. Apple shall have until June 11 to file its reply. Pending further order, the motion will be heard on July 2 at 8:00 a.m.

**IT IS SO ORDERED.**

Dated: May 14, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3