UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW COHEN, TIMOTHY HORNICK, KALEAH C. ALLEN, KIMBERLY BENJAMIN, NICHOLAS CARLSON, MARK WEILER, MATT KOPPIN, SCOTT CISCHKE, ALBERT COLLINS, PAUL COLETTI, KRYSTLE FAERN, RODOLFO CABRERA, BRANDY DAVIS, WILLIAM ZIDE, DAVID HEDICKER, NANCY MAEKAWA, CATHERINE GOODWIN, , KATHLEEN BOGGS, KIMBERLY MODESITT, MARK KUNZE, ARIANA RYAN, NATHAN COOPER, BECKY WELLINGTON, M. GAIL SUNDELL, VICTOR PERLMAN, and ZACHARY GOMOLEKOFF, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | No. C 19-05322 WHA<br><br>**DISCOVERY ORDER RE MOTION FOR SUMMARY JUDGMENT** |

Before ruling on Apple's motion for summary judgment, the Court orders Apple to produce **WITHIN SEVEN CALENDAR DAYS** all communications between Apple and the FCC prior to and related to any certification involved in this action and all communications regarding the Chicago Tribune story. **WITHIN TWO WEEKS** thereafter, plaintiffs shall submit a supplemental memorandum not to exceed fifteen pages explaining the significance of any of

the discovery to the pending motion, appending thereto the full communications of significance.  **WITHIN ONE WEEK** thereafter, Apple may respond.

The Court is aware that Apple contends such discovery is unnecessary because Apple insists that it can win on the narrower point of preemption.  The Court is not rejecting this position necessarily but believes the better course is to require the discovery stated above.  This order requires only the production of correspondence in email or letter form, and/or memoranda summarizing, describing, or referring to telephonic or in-person conversations.  It does not require responding to interrogatories or other document requests, identifying witnesses, or conducting depositions.

All communications between Apple and the FCC includes communications between any lawyer or representative of Apple and the FCC.  The court is tentatively of the view that all such communications with the public agency should themselves be public and not subject to a protective order but will not rule out the possibility that some of the materials may be subject to attorney's-eyes-only designations.

**IT IS SO ORDERED.**

Dated:  July 16, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE