UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW COHEN, et al.,

    Plaintiff,

v.

APPLE INC.,

    Defendant.

No. C 19-05322 WHA

**ORDER RE PROPOSED ESI PROTOCOL**

After months of attempts to reach a stipulated ESI protocol, nine areas of dispute remain between the parties. Each side submits letter briefs with their proposed ESI protocol appended. Despite the remaining disputes, the parties agree to many provisions. The undisputed provisions rank as reasonable and are hereby approved. As for the nine remaining disputes, this order resolves seven that potentially impact Apple's recent production of FCC communications and trusts that the parties will be able to reach a resolution of the remaining two disputes on their own.

*Disclosure of Custodian Role and Dates of Employment*: The parties agree that they shall provide the names and job titles of those possessing relevant electronically stored information. Plaintiffs additionally seek disclosure of the custodian's "role" and dates of employment. While it is disappointing that Apple will not cooperate in providing this basic information, the rules do not require it to do so and neither will this order. Plaintiffs nevertheless remain able to collect this information on an as-needed basis through interrogatories or depositions.

*Provision of Search Term Hit Lists*: The parties agree that a party seeking to use search terms as part of their ESI review process shall provide a list of proposed terms to the other prior to their use. The parties may then meet and confer concerning any modifications or additions. Plaintiffs propose that the producing party also be required to provide a "search term hit list," identifying the number of hits each proposed search term registers. The producing party may instead, at its option, review a statistically random sample of documents that do not return any hits to ensure responsive documents are not overlooked at the outset of the process.

The undersigned's standing order emphasizes that negotiations over scope should strike a balance between "reduc[ing] the overall burden while still locating materials whose relevance and importance justifies the burden." SUPPLEMENTAL ORDER TO ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE IN CIVIL CASES BEFORE JUDGE WILLIAM ALSUP ¶ 18. Plaintiffs' proposal strikes such a balance. Provision of a hit list would better the odds that responsive materials are located while still lessening the burden on the producing party. Apple argues that the rules do not require the transparency plaintiffs seek. While Apple may be right, the rules also do not require plaintiffs to agree to the use of search terms in the first place. The standing order further provides that the "producing side may not insist on search terms and/or custodians mainly to miss ESI it knows to be important." SUPPLEMENTAL ORDER ¶ 19. Whether or not either side so insists, plaintiffs' provision will ensure that the chosen search terms locate responsive materials. This order thus approves plaintiffs' provision.

*Quality Check of Null Set*: Plaintiffs propose a provision that would require the producing party to check the documents that do not hit on any terms to validate the search's accuracy. Plaintiffs note, however, that they would agree to forgo this provision in lieu of other validation provisions if the producing party uses technologically assisted review methods and agrees to apply other search validation provisions of the null set. As such, this order trusts the parties to resolve this dispute in light of the rulings herein.

*Metadata Fields*: Apple agrees to provide over thirty fields of metadata. Plaintiffs ask for three more fields: (1) confidentiality designations, (2) redactions, and (3) controlled technical data. As Apple explains, "confidential documents produced will be stamped as

2

'CONFIDENTIAL,'" redactions will be "apparent," and technical data is already subject to export control (Dkt. No. 144 at ¶ 1). Courts "must" limit discovery where it is "unreasonably duplicative" or may be obtained from a "more convenient, less burdensome, or less expensive" source. Rule 26(b)(2)(C). Plaintiffs' requested fields are rejected.

*Production in Native Formats or Image Files*: Plaintiffs propose a provision requiring that word processing documents containing tracked changes, comments, notes, or other potentially hidden content be produced in native format, *or as image files reflecting such content*. Apple claims such a requirement would impose unreasonable obligations, noting that the Federal Rules require production of documents only in a "reasonably usable form." Rule 34(b)(2)(E)(ii). Apple ignores, however, that the subsections of Rule 34(b)(2)(E) only apply "unless otherwise stipulated or ordered by the court." And, Apple's interpretation runs afoul of this Court's standing order, which requires "[t]o the *maximum extent feasible*, all party files and records should be retained and produced in their *original form*." SUPPLEMENTAL ORDER ¶ 22 (emphasis added).

Plaintiffs' proposal makes sense when applied to Apple's production of its communications with the FCC (Dkt. No. 128). If Apple or the FCC sent redlined documents with comments or other information, a file format that eradicates such content would fall short of showing what was communicated. And, any burden Apple faces is of its own creation, as it need only produce the documents in their original form as they were sent to or received by the FCC. If Apple wishes to convert the documents to another format, such as PDF or TIF, it must ensure that any tracked changes, comments, or otherwise hidden content remains fully visible.

*Details regarding lost or destroyed ESI*: The parties agree that each side will exchange a description of any potentially discoverable ESI that they are aware of having been lost or destroyed. Plaintiffs further request disclosure of "how, when, and why the ESI was lost or destroyed" (Dkt. No. 136-1 § 2(C)). While Apple should cooperate in this regard, it need not do so at the outset. Once a party has identified any lost or destroyed ESI, the other side may choose whether to inquire further or not.

*Obligation to promptly produce documents*: The parties agree that their settling "on a search methodology does not relieve a party of its obligations under the Federal Rules to conduct a reasonable search and produce all relevant and responsive documents and ESI of which it is aware." Plaintiffs further propose that "[s]uch documents should be produced promptly and should not be withheld pending agreements regarding . . . other aspects of discovery, e.g., agreements regarding search terms or Technology Assisted Review" (Dkt. No. 136-1 at § 3). Apple responds that such a provision "has nothing to do with ESI . . . and seeks to impose a vague and subjective standard not reflected in the Federal Rules" (Dkt. No. 144 ¶ 9). Not so. Plaintiffs specifically address ESI in their proposal. The proposal is also in accord with this Court's standing order, which requires that "[i]f the responding side has already done some homework and located responsive documents, then they must be produced." SUPPLEMENTAL ORDER at ¶ 16. Apple gives no good reason for delay. This order thus adopts plaintiffs' provision on prompt production.

Finally, plaintiffs propose two additional provisions concerning the parties' use of "technology assisted review" methods. Apple did not employ such methods in its recent production. The undersigned trusts the parties will resolve these issues when the time comes, without burdening the Court.

The parties shall please file a proposed ESI protocol reflecting the holdings herein by **THURSDAY, AUGUST 6, AT 5 P.M.** The parties shall also please cooperate in ensuring the deadlines related to Apple's production of its communications with the FCC are not delayed.

**IT IS SO ORDERED.**

Dated: August 3, 2020

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4