# Exhibit 3



Cira Centre
2929 Arch Street
Philadelphia, PA 19104
+1 215 994-4000 Main
+1 215 994 2222 Fax
www.dechert.com

**TIFFANY ENGSELL**

Ttiffany.engsell@dechert.com
+1 215 994 2907 Direct
+1 215 665 2907 Fax

July 30, 2020

**VIA EMAIL**

| | |
|---|---|
| Jennie Lee Anderson | Lynn Ellenberger |
| Audrey Claire Siegel | FEGAN SCOTT LLC |
| ANDRUS ANDERSON LLP | 500 Grant Street |
| 155 Montgomery Street, Suite 900 | Suite 2900 |
| San Francisco, CA 94104 | Pittsburgh, PA 15219 |
| jennie@andrusanderson.com | lynn@feganscott.com |
| audrey.siegel@andrusanderson.com | |
| | |
| Elizabeth A. Fegan | Jessica H. Meeder |
| FEGAN SCOTT LLC | FEGAN SCOTT LLC |
| 150 S. Wacker Dr., 24th Floor | 1200 G Street, N.W. Suite 800 |
| Chicago, IL 60606 | Washington, DC 20005 |
| beth@feganscott.com | jessica@feganscott.com |
| | |
| Jonathan D. Lindenfeld | J. Barton Goplerud |
| FEGAN SCOTT LLC | SHINDLER, ANDERSON, |
| 140 Broadway, 46th Floor | GOPLERUD & WEESE, P.C., |
| New York, NY 10005 | 5015 Grand Ridge Dr., Suite 1000 |
| jonathan@feganscott.com | West Des Moines, IA 50265 |
| | goplerud@sagwlaw.com |

*Counsel for Plaintiffs*

**Re:** *Cohen et al. v. Apple Inc.*, **No. 3:19-cv-05322 (N.D. Cal.)**

Dear Counsel:

Being sent concurrently herewith via secure FTP is Apple Inc.'s third production of documents in the above-captioned matter, bearing Bates numbers APL-COHEN_00055624 through APL-COHEN_00061042. Apple is producing these documents pursuant to the Court's July 16, 2020 Discovery Order re Motion for Summary Judgment (ECF No. 128) and July 20, 2020 Order re Emergency Motion to Extend Time and for Clarification (ECF No. 134), and subject to Apple's April 6, 2020 Objections & Responses to Plaintiffs' Requests for Production. Apple reserves all rights as to the relevance of any documents contained in this production.



In accordance with the Protective Order (ECF 135-1), Apple has designated documents as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate. Apple notes that the vast majority of documents included in this production have been granted permanent confidential treatment by the FCC—whether with respect to the actual communication being produced or the content contained in the communications—and are being produced strictly pursuant to the Court's July 16 and July 20 orders and under the protections of the Protective Order entered in this case. Importantly, the documents marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" would, if made public or disclosed to experts or consultants who currently or in the future could work for an Apple competitor (including without limitation manufacturers and consultants to manufacturers of products related to radiofrequency emissions from wireless devices, including, by way of limited example, RF Exposure Lab, LLC), harm Apple's competitive standing by disclosing proprietary processes and techniques developed through investment of substantial resources.

Accordingly, any retained Expert to whom "CONFIDENTIAL" information is disclosed must agree to be bound by the Protective Order in this case by signing the "Acknowledgement and Agreement to be Bound." ECF 135-1 ¶ 7.2(c). Further, prior to disclosing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any Expert, Plaintiffs are required to make a written request to Apple identifying such designated information it seeks to disclose, as well as information concerning that Expert, including without limitation their name, primary residence, resume, current employer, and past five years of consulting experience and involvement in litigation. ECF 135-1 ¶ 7.4(a)(1)-(2).

Moreover, documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" contain controlled technical data subject to U.S. Export Controls, pursuant to paragraph 12.3 of the Protective Order, and should be treated accordingly.

In accordance with paragraph 21 of the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup and the Court's July 16, 2020 Discovery Order re Motion for Summary Judgment, and without waiver of the attorney-client and/or work product privileges, Apple states that, at the direction of Apple's litigation counsel, its outside regulatory counsel, Harris, Wiltshire & Grannis LLP, searched for communications between Apple and/or its regulatory counsel and the Federal Communications Commission (the "FCC") prior to and related to any certification of iPhones involved in this action and all communications regarding the Chicago Tribune story. These documents are being produced under custodians Rob Carter and Paul Margie, both partners at Harris, Wiltshire & Grannis LLP.

Additionally, at the direction of Apple's litigation counsel, Apple's eDiscovery team searched for communications between Apple and the FCC prior to and related to any certification of iPhones involved in this action and all communications regarding the Chicago Tribune story. These



*Counsel for Plaintiffs*
July 30, 2020
Page 3

documents are produced under custodians Mark Neumann, Abhishek Rala, Jyun-Cheng Chen, Mohit Narang, Marc Douat, and Michael Kriege.

Finally, at the direction of Apple's litigation counsel, Dechert LLP searched the FCC's website for publicly available communications between Apple and the FCC in connection with certification of Plaintiffs' iPhones. This information was gathered from the website https://www.fcc.gov/oet/ea/fccid. Apple is producing these documents as a courtesy only, as this information is equally available to Plaintiffs.

Apple provides the following additional information regarding this document production:

| Document | Beg Bates | End Bates | Custodian |
|---|---|---|---|
| Communications between Harris, Wiltshire & Grannis LLP and the FCC related to the certification of iPhones identified in Consolidated Amended Complaint | APL-COHEN_00055624 | APL-COHEN_00055683 | Rob Carter, Partner, Harris, Wiltshire & Grannis LLP |
| Communications between Apple and the FCC related to the certification of iPhones identified in the Consolidated Amended Complaint or the Chicago Tribune Story | APL-COHEN_00055684 | APL-COHEN_00055779 | Jyun-Cheng Chen, Systems Design Engineer 5 |
| Communications between Apple and the FCC related to the certification of iPhones identified in the Consolidated Amended Complaint | APL-COHEN_00055780 | APL-COHEN_00055792 | Marc Douat, Systems Design Engineer 4 |



*Counsel for Plaintiffs*
July 30, 2020
Page 4

| Document | Beg Bates | End Bates | Custodian |
|---|---|---|---|
| Communications between Apple and the FCC related to the certification of iPhones identified in the Consolidated Amended Complaint | APL-COHEN_00055793 | APL-COHEN_00055799 | Michael Kriege, Former Systems Design Engineer 5 |
| Communications between Harris, Wiltshire & Grannis LLP and the FCC related to the certification of iPhones identified in Consolidated Amended Complaint or the Chicago Tribune Story | APL-COHEN_00055800 | APL-COHEN_00055857 | Paul Margie, Partner, Harris, Wiltshire & Grannis LLP |
| Communications between Apple and the FCC related to the certification of iPhones identified in the Consolidated Amended Complaint | APL-COHEN_00055858 | APL-COHEN_00057078 | Mohit Narang, Former Senior Director, Wireless Design |
| Communications between Apple and the FCC related to the certification of iPhones identified in the Consolidated Amended Complaint or the Chicago Tribune Story | APL-COHEN_00057079 | APL-COHEN_00057123 | Mark Neumann, Senior Manager, Regulatory Compliance and Spectrum |
| Correspondence between Apple and FCC available on FCC website | APL-COHEN_00057124 | APL-COHEN_00057192 | FCC website |



| Document | Beg Bates | End Bates | Custodian |
|---|---|---|---|
| Communications between Apple and the FCC related to the certification of iPhones identified in the Consolidated Amended Complaint or the Chicago Tribune Story | APL-COHEN_00057193 | APL-COHEN_00061042 | Abhishek Rala, Global Certification Manager/RF Systems Engineer |

In the event that this production contains any material protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, such production is inadvertent and should not be construed as a waiver of any privilege or protection by Apple. Apple reserves the right to demand the immediate return and/or destruction of any such materials. Apple further reserves the right to amend or add a designation of confidentiality upon disclosure of any material produced without the appropriate designation.

Please do not hesitate to reach out with any questions or concerns.

Sincerely,

*Tiffany Engsell*

Tiffany Engsell

cc:   Christina Guerola Sarchio, Esq.
      Mark Cheffo, Esq.
      Jonathan S. Tam, Esq.
      Amisha R. Patel, Esq.