UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW COHEN, et al.,

    Plaintiffs,

    v.

APPLE INC.,

    Defendant.

No. C 19–05322 WHA

**ORDER GRANTING MOTION TO SEAL BILL OF COSTS**

Apple seeks to seal information in its bill of costs, specifically portions of invoices pertinent to its allegedly confidential relationship with an e-discovery vendor, including rates negotiated with the vendor. These redactions are warranted by an "overriding interest," Apple contends, because they could result in competitive harm. Apple explains (Handler Decl. ¶ 2):

> [I]nvoices reveal confidential and sensitive information regarding Apple's pricing agreements with OpenText. This information is confidential and proprietary business information that could be used to Apple's competitive disadvantage, both in negotiating strategies with other e-discovery vendors who would gain an unfair negotiating position over Apple by knowing the rates that it has paid competitor e-discovery vendors, and in its business relationship with OpenText, who would be substantially harmed from public disclosure of their proprietary rates and the size of the discount provided to Apple (as opposed to the rates it extends to other clients, both present and future). Publishing this data would reveal confidential pricing strategy and cause harm to Apple and its relationship with OpenText.

The proposed redactions do not cover the nature of the services or the total amounts of costs.

Assertion of a potential competitive risk "may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or

portion thereof remains sealable." Civ. L.R. 79-5.  The "compelling reasons" standard set out in *Kamakana* requires a district court to "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." 447 F.3d 1172 (9th Cir. 2006). Preserving competitive advantage, including that stemming from information in vendor invoices, has been recognized as a compelling reason. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016); Oracle Am., Inc. v. Google Inc., No. C 10-03561-WHA (N.D. Cal. July 11, 2012), Dkt. 1218 (sealing vendor invoices); GPNE *Corp. v. Apple Inc.*, 2015 WL 4381244, at *2 (N.D. Cal. July 16, 2015) (same).

Apple has asserted with particularity that competitive harm to both Apple and its third-party vendor would arise from revealing the negotiated rates. Redactions of specific rates, given that the nature of the cost and the total amount of the bill of costs remain public, do not hamper the public's understanding of this case.

The motion to seal is **GRANTED.**

**IT IS SO ORDERED.**

Dated: July 6, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE